In re Ann L. MALONEY, Debtor.

Ann L. MALONEY, Appellant,

v.

METROPOLITAN MORTGAGE CORPORATION, Appellee.

Bankruptcy Appeal No. 82–9002.

United States Bankruptcy Appellate Panels for the First Circuit.

Dec. 15, 1982.

Ann L. Maloney, pro se, debtor-appellant.

Robert L.J. Nebling, Portsmouth, N.H., for appellee.

Before VOTOLATO, Chief Judge, JOHNSON and GOODMAN, Bankruptcy Judges.

VOTOLATO, Chief Judge.

An appeal has been taken by the Debtor, Ann L. Maloney, from an order of the Bankruptcy Court dismissing her Chapter 13 petition, without prejudice.[1] The order appealed from states in part that "the debtor ... has failed to file a plan within 10 days of filing the petition as required by Rule 13–201 of the Rules of Bankruptcy Procedure."

The Debtor alleges that she "did in fact file a Plan within ten days of filing her Chapter 13 Petition ...," Brief for Appellant at 14, and the issue before us is whether the finding by the bankruptcy judge that the Debtor did not file a timely plan was clearly erroneous.[2]

On March 18, 1981 the Debtor filed a Chapter 13 petition and schedules, without a plan. On April 6, 1981, Appellee Metropolitan Mortgage Corporation (Metropolitan), a secured creditor, filed a motion to dismiss alleging, *inter alia,* that the Debtor had failed to file a plan. The first document filed by the Debtor which purports to be a plan (dated March 25, 1981) was not filed until April 20, 1981, beyond the deadline for filing a plan pursuant to Rule 13–

201 of the Rules of Bankruptcy Procedure.[3] Nevertheless, the bankruptcy judge denied Metropolitan's motion to dismiss on April 21, 1981, despite his apparent belief that the document filed the previous day was not a plan.[4]

Although the Debtor contends that she prepared three different plans, Brief for Appellant at 15, it appears from the record that only two documents purporting to be plans were filed with the Court, the April 20 document referred to above, and an unsigned document which the Debtor presented to the Court on November 10, 1981, at a hearing on Metropolitan's motion to dismiss.

At the November 10, 1981 hearing, eight months after the filing of the Chapter 13 petition, the Debtor still did not have a plan.[5] Although she offered a so-called "plan" at that hearing, she did not sign it because the document, prepared for her by an attorney who withdrew his appearance prior to the November 10 hearing, proposed to sell the Debtor's house and included other provisions of which she disapproved. Record at 11, 23.

Since the Debtor alleges that she submitted three plans, Brief for Appellant at 15, and Metropolitan agrees that at least three different purported plans were prepared by the Debtor, Brief for Appellee at 10–12, the issue before us is whether the bankruptcy judge's finding of fact was

---

1. Although neither party has raised the point, the fact that the dismissal was "without prejudice" does not render the bankruptcy judge's order interlocutory. It is a final order and may be appealed. *1 Collier on Bankruptcy* ¶ 3.03 (15th ed. 1981).

2. The Debtor, who appears *pro se* in this appeal and who was not represented by counsel in most aspects of the case, makes numerous references to ineffective and unprofessional conduct by attorneys whom she retained or attempted to retain. We do not in any way depreciate the seriousness of these allegations by noting that there are other forums in which these concerns should more properly be raised.

3. Rule 13–201 reads in part as follows:
   (a) *Time for Filing Plan; Identification of Plans.* The debtor may file a plan with his petition. If a plan is not filed with the peti-

tion it shall be filed within 10 days thereafter and such time shall not be further extended except for cause shown and on such notice to such persons as the court may direct. Each plan filed and any other plans for which acceptances of creditors are solicited must be appropriately identified.

4. In his Order of November 24, 1981 dismissing the Chapter 13 petition, the judge stated that the "earlier motion to dismiss ... was denied by this court on April 21, 1981 with the understanding that the debtor would obtain counsel and file a plan shortly."

5. At that hearing the Debtor stated: "I've paid thousands out this year in attorney's fees, and I still don't have a plan." Record at 14.

clearly erroneous when he concluded that none of the documents filed with the court met the requirements of the Bankruptcy Code. Pursuant to 11 U.S.C. §§ 1321–1322, the Debtor is required to file a plan which meets certain minimum requirements. The provisions of § 1322(a) are mandatory,[6] and a document which fails to include the required provisions is insufficient to constitute a Chapter 13 plan.[7]

Section 1321 requires that "[t]he debtor shall file a plan." The Debtor filed only two documents purporting to be plans and the second was unsigned. The other document, entitled "Debtor's Plan", was filed April 20, 1981 and consists of three charts listing creditors and proposed monthly payments of specific amounts to some but not all creditors. On the day after filing of this document, the bankruptcy judge denied Metropolitan's first motion to dismiss, "with the understanding that the debtor would . . . file a plan shortly." [8] Thus it appears that as early as April 21, 1981 the judge made a finding of fact that the document entitled "Debtor's Plan" was not a "plan" pursuant to 11 U.S.C. §§ 1321–1322.

Under Rule 16 of the First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts, Appellate Panels and Court of Appeals, we must "accept the bankruptcy judge's findings of fact unless they are clearly erroneous." The document filed by the Debtor on April 20, 1981 does not "provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." 11 U.S.C. § 1322(a)(1). Furthermore, the document classifies claims but does not "provide the same treatment for each claim within a particular class." 11 U.S.C. § 1322(a)(3). Thus, the bankruptcy judge's finding of fact that this document did not constitute an adequate plan is not clearly erroneous.

The bankruptcy judge denied Metropolitan's first motion to dismiss for failure to file a plan in part, it appears, because the Debtor had filed her purported (but defective) plan, *pro se.* The bankruptcy judge's denial of Metropolitan's first motion to dismiss appears to have been intended to allow the Debtor more time to obtain counsel and file a plan,[9] and his indulgence of the Debtor by extending the ten-day limit prescribed in Rule 13–201 of the Rules of Bankruptcy Procedure is not uncommon where, as here, the Debtor appears *pro se. See In re Howell,* 6 B.C.D. 193, 193 (Bankr.N.D.Ga.1980). Certainly, the bankruptcy judge's denial of Metropolitan's first motion to dismiss does not in any way restrict or limit his authority to grant a similar motion several months later when the Debtor had still failed to file a plan.

---

**6.** 11 U.S.C. 1322(a) provides:

§ 1322. *Contents of plan.*
(a) The plan shall—
(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;
(2) provide for the full payment, in deferred cash payments of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and
(3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

**7.** *See, e.g., National City Bank v. Purdy (In re Purdy),* 16 B.R. 847, 850 (D.C.N.D.Ga.1981). *Accord, Foster v. Heitkamp (In re Foster),* 670 F.2d 478, 483–84 (5th Cir.1982). The legislative history makes clear that there are certain "mandatory plan provisions." S.Rep. No. 95–

989, 95th Cong., 2d Sess. 141, *reprinted in* 1978 U.S.Code .Cong. & Ad.News 5787, 5927. The House Report on Chapter 13 plans also indicates that there are mandatory provisions:

The plan *must provide* for the submission of all or such portion of the debtor's future earning or other future income to the supervision and control of the trustee as is necessary for the execution of the plan. The plan *must also provide* for the full payment of all priority claims, and if the plan classifies claims, provide the same treatment for each claim within a particular class. (Emphasis added.)

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 429, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6384.

**8.** *See* note 4 *supra.*

**9.** *See* note 4 *supra.*

The bankruptcy judge finally dismissed the Debtor's petition on November 24, 1981 on the recommendation of the interim trustee. Record at 24. The bankruptcy judge is far better situated than we are to determine at what point the Debtor's petition should have been dismissed because of her continuing inability or unwillingness to file a plan and for her failure to comply with Rule 13–201 of the Rules of Bankruptcy Procedure.

In the absence of evidence that the bankruptcy judge's findings of fact are clearly erroneous or that he abused his discretion in dismissing the Debtor's Chapter 13 petition,[10] the order is affirmed.

**10.** Quite to the contrary, it appears that the bankruptcy judge was being overly considerate of this Debtor because of her alleged unfortunate experience with various counsel, as well as her appearance *pro se*. Based on the record, *any error committed would probably have been in favor of the Debtor.*